**IN THE UNITED STATES DISTRIC COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JUAN R. RODRÍGUEZ VÁZQUEZ & CALVIN PACHECO IRIZARRY | Civil No. |
| Plaintiff | Re: Discrimination on the Basis of Age |
| vs. | JURY TRIAL REQUESTED |
| UNIVERSIDAD POLITÉCNICA DE PUERTO RICO | |
| Defendant | |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COME NOW** the plaintiffs, Juan R. Rodríguez Vázquez, hereinafter ("Rodríguez") and Calvin Pacheco Irizarry ("Pacheco"), represented by the undersigned counsels and very respectfully **STATE, ALLEGE** and **PRAY** as follows:

## I.     INTRODUCTION

1.     Rodríguez and Pacheco bring forth this civil action seeking monetary damages and declaratory relief under the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. 621 et seq., against Polytechnic University of Puerto Rico, collectively hereinafter the "Polytechnic" or "Defendant" for deprivation of Plaintiff's rights under the laws of the United States of America and laws of the Commonwealth of Puerto Rico, including Puerto Rico Act. No. 100 of June 30 of 1958, as amended, 29 L.P.R.A. sec. 146 et seq., ("Law 100").

2.     Rodríguez and Pacheco seek, *inter alia*, back pay, reinstatement and/or front pay, liquidated damages, attorneys fees–and pre-and post judgment interest as a result of the

1

Polytechnic's age discrimination and wrongful demotion from their full-time position. Injunctive relief for reinstatement and an order to prevent future discrimination is requested.

## II.   JURISDICTION

3.      Jurisdiction is invoked under 28 U.S.C. sec. 1331. This civil action based on a Federal Question arising under the laws of the United States of America.

4.      This Action is brought pursuant to the Age Discrimination in Employment Act, as amended, 29 USC 621 et seq and Puerto Rico Act. No. 100 of June 30 of 1958, as amended, 29 L.P.R.A. sec. 146 et seq. This Honorable Court has supplemental jurisdiction over the state claims averred hereinafter, insofar as they stem from the same nucleus of operative facts and meet all other jurisdictional requirements.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant's actions, referenced herein, took place within the District of Puerto Rico.

## III.   THE PARTIES

6.      Rodríguez is of legal age, married and his address is: 191 Cond. Chateau de San Juan. Apt. 303, San Juan, Puerto Rico, 00918.

7.      Pacheco is of legal age, married and his address is: Calle 15 A-C 21, Interamericana Gardens, Trujillo Alto, Puerto Rico, 00921.

8.      Polytechnic is a private, nonprofit, higher education institution, organized under the laws of Puerto Rico, known for its programs in engineering and architecture, among other disciplines; with postal address PO Box 192017, San Juan, P.R. 00919-2017.

## IV.   PROCEDURAL REQUIREMENTS

9.      On December 15th, 2015, Rodríguez filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") alleging wrongful and discriminatory

2

reclassification from a full-time position as Director Assistant of the Athletic Department, to a part-time position, due to his age.  This discrimination charge arose out of the same facts alleged herein.

10.     On December 17th, 2015, Pacheco filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") alleging wrongful and discriminatory reclassification from a full-time position as Activities Coordinator to a part-time position, due to his age.  This discrimination charge arose out of the same facts alleged herein.

11.     On August 18th, 2016, the EEOC issued Rodríguez a Notice of Dismissal and Right to Sue Notice.

## V.      FACTUAL ALLEGATIONS

### A.  <u>RODRIGUEZ</u>

12.     Initially, Rodríguez began working for Defendant on a contract basis, as a volleyball coach, beginning on August 1999.

13.     On September 2001, Rodríguez became a part-time employee, as 'Assistant to the Director Office of Athletic Activities' ("Assistant to the Director").

14.     On August 2002, Rodríguez position as Assistant became a full-time position, and his salary was $1,200.00 per month. In 2012 his salary was increased to $1,306.33.

15.     As part of his duties as Assistant, Rodríguez was responsible, *inter alia*, for instructing the students-athletes about the different disciplines that the Institution offers; demonstrate the purpose and use of the Gymnasium facilities; attend required activities and competitions in substitution of the Department Director; collaborate with Athletic Office's tasks, gather information for the students-athletes; help and orientate students-athletes in the correct use of the equipment and the rules of the Gymnasium; collaborate and inspect the facilities; inspect

3

and maintain the sports equipment in optimal conditions; examine the inventory of the gymnasium equipment and of the Athletic Activities Office; maintain direct communication with the Director of the Department and the Secretary regarding the important issues of the Department; substitute the Director in functions of supervision of operation of the facilities, among others.

16.     In addition to being Assistant to the Director, Rodríguez also continued to serve as a volleyball coach on a contract basis, for which he was paid $800.00 per month from 2000-2007 and $900.00 per month from 2008 to the present.

17.     On October 28, 2015, Defendant informed Rodríguez that he was being demoted, effective on November 2, 2015, from his position of "Assistant of the Director", to "Gymnasium Coordinator II", from full-time employees to part-time employees, with entailed a change in duties and responsibilities.

18.     Rodríguez was assigned, *inter alia,* basic tasks such as: being responsible for the conditions of the bathrooms and gymnasium; registering student assistance to the gymnasium; picking-up the Department's mail; answering phone calls; looking-over the facilities; and revising and cleaning the gymnasium equipment.

19.     Basically, Rodriguez' new tasks are basically a combination of those performed by a maintenance employee and a receptionist.

20.     As part of his reduction in hours and reclassification, Rodríguez was given a new working schedule: 12:00 pm- 4:00pm from Monday to Thursday; and 11:00 am to 3:00 pm on Fridays, for a total of 20 hours per week.

21.     As a result of Rodríguez demotion, he no longer was allowed to attend required activities and competitions in substitution of the Department Director.

22.    Rodríguez' demotion was undermining and denigrating.

23.    Rodríguez' demotion and reduction of hours was effective when he was seventy-two (72) years old.

24.    Defendant's discriminatory conduct against Rodríguez is not limited to his demotion and reduction in working hours.

25.    In fact, in May 2015 Defendant celebrated a dinner for outstanding athletes and Rodríguez inquired on behalf of an athlete that he recruited whether parents were welcome to attend. Although Rodríguez was informed that parents weren't invited, for his surprise, parents did attend the event, while the female athlete for whom he inquired was not allowed to bring hers.

26.    In December 2015, Defendant celebrated a Christmas party, if employees did not want to attend, they were required to continue with their duties. While Rodríguez, who was the only one working, Defendant turned off the lights and air conditioning system at 1:00 p.m., although he had to work until 3:00 p.m.

27.    Furthermore, in December 2015, Defendant for the very first time gave all of Rodríguez athletes a questionnaire regarding his performance. Such questionnaire was never discussed with Rodríguez, in fact he became aware of it through his own athletes.

28.    During the summer of 2016, while Rodríguez was speaking to several students who had just finished their routine, Rodríguez witnessed how Defendant on purpose turned off the lights of the gymnasium to humiliate him.

29.    On April 16th, 2016, Defendant celebrated a pep-rally for the "justas", an annual collegiate athletic competition. During such event all attendees where a memorable t-shirt, however, Rodríguez was excluded and received the t-shirt after the event was over.

**B.  <u>PACHECO</u>**

30.     Pacheco began working for Defendant on 1990. On August 1992, he was promoted to "Activities Coordinator".

31.     As part of Pacheco's duties as 'Activities Coordinator', Pacheco was responsible, *inter alia*, for: attending required activities and competitions in substitution of the Department Director; inspect and maintain the sports equipment in optimal conditions; carry the sports equipment to the events; function as referee at basketball tournaments; oversee the basketball tournaments, as assigned; among other tasks.

32.     On October 28, 2015, Defendant informed Pacheco that effective on November 2, 2015 he was receiving a reduction in hours, was being reclassified from a full-time employee to part-time employee, and was being demoted from the position of "Activities Coordinator", to "Gymnasium Coordinator I", which entailed a change in duties and responsibilities.

33.     Pacheco was assigned, *inter alia,* basic tasks such as: being responsible for the conditions of the bathrooms and gymnasium; registering student assistance to the gymnasium; picking-up the Department's mail; answering phone calls; looking-over the facilities; and revising and cleaning the gymnasium equipment.

34.     Basically, Pacheco's new tasks are basically a combination of those performed by a maintenance employee and a receptionist.

35.     Pacheco's demotion was undermining and denigrating.

36.     As part of his reduction in hours and reclassification Pacheco was given a new working schedule: 8:00 am- 12:00pm from Monday through Friday, for a total of 20 hours per week.

37.     Pacheco's demotion and reduction in working hours was effective on when he was seventy-seven (77) years old.

## C.  PLAINTIFFS' COMMON FACTUAL ALLEGATIONS

38.     At the time of Plaintiffs' demotions and reduction in hours, on November 2, 2015, and throughout the years preceding, the Polytechnic had more than twenty (20) employees.

39.     Defendant alleged that the position of Assistant to the Director and Activities Coordinator were eliminated and that Plaintiffs' work schedule were reduced due to a restructuring plan, mandated by the decrease in the student enrollment. Said allegation is a pretext and the real reason for dais action was Plaintiff's age.

40.     However, while Plaintiffs were reclassified to a part-time working schedule of 20 hours per week, under an economic justification, Defendant was assigning, a significantly younger employee, Rafael Santiago ("Santiago") more than 30 hours per week.

41.     The age difference between Plaintiffs and Santiago is remarkable. Rodríguez is 73 years old and Pacheco is 78 years old, while Santiago is approximately 45 years old.

42.     While Plaintiffs, who are older, experienced and have more seniority, had their schedules reduced to 20 hours per week, Santiago's work schedule was increased to more than 30 hours.

43.     Santiago's current duties include: supervising students, faculty and athletes; being responsible for the conduct, discipline and safety in the gymnasium area; Santiago is also required to assist practices and games; he is responsible for the maintenance and usage of the gymnasium equipment; maintains the calendar and assist the Director with the coordination of activities and competitions of the Department; assists the Director with the supervision of the

'Work and Study Program' assign to the Department; and lastly, assists the general public, deals with daily situations and phone calls, and handles the Department's mail.

44.     On the other hand, Plaintiffs were assigned basic tasks such as: being responsible for the conditions of the bathrooms and gymnasium; registering student assistance to the gymnasium; picking-up the Department's mail; responding to phone calls; looking-over the facilities; and revising and cleaning the gymnasium equipment.

45.     Plaintiffs' tasks before being demoted and receiving a substantial reduction in working hours, required more administration, prioritization and communication skills, such as the tasks that Santiago is performing now.

46.     Plaintiffs, at the time of their demotion, were qualified to carry out their duties as Assistant to the Director and Activities Coordinator, respectively. In fact, they both received multiple salary increases since they were hired.

47.     Therefore, the reasons given to Plaintiffs to justify their reclassification to part-time employees and the elimination of both positions, the "Assistant to the Director" and "Activities Coordinator", and their respective demotions were pretextual.

48.     The fact that the purported reason for Plaintiffs' adverse employment action, *i.e.* reduction in working hours and demotion, was the economic situation, the same results pretextual inasmuch Plaintiffs were the only employees to receive a demotion and reduction in working hours, while a substantially younger employee took over their previous duties and working hours were increased.

49.     As a result of Plaintiffs' demotions and reduction in working hours, they have suffered a substantial salary decrease and therefore have been suffering substantial financial challenges.

8

50.     Due to Rodríguez' discriminatory demotion and reduction of hours, he has confronted distress and anxiety issues that not only restrict him from sleeping, but also has affected his relationship with his family. Thus, he was prescribed medication by a psychiatrist, to treat such conditions.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
*Age Discrimination in Employment Act of 1967*

51.     The allegations contained in paragraphs 1 through 50 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiffs.

52.     The Age Discrimination in Employment Act ("ADEA") bars discrimination "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions**,** or privileges of employment, because of such individual's age." 29 U.S.C.A. § 623(a)(1).

53.     Plaintiffs were wrongfully demoted and working schedules reduced because of their age.

54.     Plaintiffs, at the time of the demotions fell within the protected age, over 40, under the ADEA.

55.     Plaintiffs were qualified to perform their employment duties at the time of their demotions.

56.     Plaintiffs' duties and work hours are now fulfilled by a younger contractor.

57.     While Plaintiffs were reclassified to a part-time working schedule and demoted, under an economic justification, Defendant has advertised its increase in enrollment and is expanding and renovating its facilities.

58.     Therefore, Defendant's conduct constitutes an unlawful employment action pursuant to the ADEA.

59.     Defendant willfully violated the ADEA.

60.     As a direct and proximate cause of Defendant's actions, Rodriguez requests $100,000.00 in liquidated damages.

61.     As a direct and proximate cause of Defendant's actions, Pacheco requests $100,000.00 in liquidated damages.

## SECOND CAUSE OF ACTION
*Puerto Rico Law 100*

62.     The allegations contained in paragraphs 1 through 61 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiffs.

63.     Puerto Rico Law 100 of June 30, 1959 ("Law 100") prohibits the discharge, suspension, or discrimination of an employee because age, race, color, sex or social or national origin.

64.     Defendant's discrimination against Plaintiffs because of their age constitutes an unlawful employment conduct pursuant to the Puerto Rico Law 100.

65.     The demotions were discriminatory due to age, in violation of the Employment Discrimination Act, Act No. 100 of June 30, 1959, as amended, 29 L.P.R.A. §146 et seq.

66.     As result of Defendant's actions, Plaintiffs have suffered and continues to suffer great emotional and financial damages. Plaintiffs' discriminatory adverse action shattered all their expectations of future professional endeavors and potential earnings, putting at risk their ability to make a living and to adequately support their families.

67.     As a direct and proximate cause of Defendant's actions, Rodríguez has suffered and will continue to suffer emotional and financial damages estimated in the sum of $300,000.00.

68.     As a direct and proximate cause of Defendant's actions, Pacheco has suffered and will continue to suffer emotional and financial damages estimated in the sum of $300,000.00.

## VII.    JURY TRIAL

69.     Plaintiffs hereby invoke their Seventh Amendment Right to a jury trial for all issues so triable.

## VIII.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that this most Honorable Court enter judgment in their favor, containing the following relief: (a) Ordering declaratory judgment that the actions, conduct and practices of Defendant complained herein violate the law of the United States and the Commonwealth of Puerto Rico; (b) Ordering an injunction permanently restraining Defendant from engaging in such unlawful conduct; (c) Ordering Defendant to reinstate Plaintiffs as   full-time employees; (d) Granting Plaintiffs all the sums requested in this complaint; (e) Imposing upon Defendant the payment of all costs and expenses to be incurred in this lawsuit; (f) Awarding Plaintiffs a reasonable amount for attorneys' fees; and (g) Granting Plaintiffs such other and further relief as this most Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**, in Guaynabo, Puerto Rico, this 10th day of November, 2016.

*s/ Miguel Simonet Sierra*
Miguel Simonet Sierra
USDC-PR 210102

*s/ Katia Recio Curet*
Katia Recio Curet
USDC-PR 32,3201

**MONSERRATE SIMONET & GIERBOLINI**
Attorneys for Plaintiffs
101 Ave. San Patricio, Suite 1120
Guaynabo, Puerto Rico 00968-2646
Tel. (787) 620-5300
Fax (787) 620-5305
E-mail: msimonet@mgslawpr.com
krecio@msglawpr.com

1732-0000

12